UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINICH HUMPHREY, Plaintiff, v. S. GUBARY, et al., Defendants. | No. 2:26-cv-0991 CSK P<br><br>ORDER |

Plaintiff is a former state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff filed a motion for extension of time to respond to defendants' responses or a request to stay the case for 120 days, and a motion for appointment of counsel. (ECF No. 18.) On September 16, 2026, defendants filed a response to plaintiff's motion, and filed a motion to modify the discovery and pretrial motions deadline in light of plaintiff's recent parole. The Court addresses each motion in turn.

I. PLAINTIFF'S MOTION FOR EXTENSION OF TIME OR TO STAY THE CASE

Plaintiff seeks an extension of time to respond to defendants' discovery requests, or in the alternative, plaintiff seeks a 120 day stay of the case to enable him to transition from prison and establish a mailing or email address. Defendants do not oppose either request. (ECF No. 19 at 2.)

///

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North Am. Co., 299 U.S. 248, 254 (1936)). When a stay is requested, this court:

> may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-64 (9th Cir.) (citations omitted), cert. denied, 444 U.S. 827 (1979), (cited with approval by Mediterranean Enterprises, Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983). In determining whether to grant a motion to stay, a court should generally consider the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Keating v. Office of Thrift Supervision, 45 F.3d 322, 324-25 (9th Cir. 1995); see Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc., 490 F.3d 718, 724 (9th Cir. 2007).

The undersigned is persuaded that a stay of this action is warranted. Plaintiff requested the stay, and defendants do not oppose the stay. Defendants identified no burden such a stay would impose, and the stay would assist in the efficient use of judicial resources where plaintiff does not at this time have a mailing address. The last two factors do not provide an impediment to such a stay. Therefore, the Court will stay this action for 120 days. Plaintiff shall notify the Court as soon as he obtains a mailing address or email address, and is cautioned that failure to do so by the end of this 120 day period will result in a recommendation that this action be dismissed. Counsel for defendants is requested to serve a copy of this order on plaintiff's last known address in the records of the California Department of Corrections and Rehabilitation, including the parole board.

## II. DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER DEADLINES

Defendants ask that if the Court grants plaintiff's motion for extension or for stay, that the Court also modify the existing discovery and pretrial motions deadlines or vacate the scheduling order and reschedule the case once plaintiff provides his new address. (ECF No. 19 at 3.) Defendants had to cancel plaintiff's September 22, 2026 deposition in light of his parole, and defendants will be unable to serve discovery requests on plaintiff until he provides his new contact information. (ECF No. 19 at 2.)

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

Because discovery was ongoing at the time of plaintiff's parole, and this action will be stayed for 120 days, this Court finds good cause to vacate the discovery and scheduling order pending further order of the Court.

## III. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Finally, plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the Court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for stay (ECF No. 18) is granted.
2. This action is stayed for 120 days of the date of this order. Before the end of the 120 day stay period, plaintiff shall provide the Court with his new mailing or emailing address. Failure to comply with this order will result in a recommendation that this action be dismissed.
3. Defendants' motion to vacate the scheduling order (ECF No. 19) is granted.
4. Plaintiff's motion for the appointment of counsel (ECF No. 18) is denied without prejudice.
5. Counsel for defendants shall serve a copy of this order on plaintiff at the last known address in the records of the California Department of Corrections and Rehabilitation, including the parole board.
6. The Clerk of the Court is directed to administratively terminate this case.

Dated: September 25, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/hump0991.31.sty